Vali OMMANI and Anna Ommani,
Plaintiffs-Appellants,

v.

DOCTOR'S ASSOCIATES, INC.,
Defendant-Appellee.

No. 85–2565

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 1986.

Virgil Howard, Corpus Christi, Tex., for plaintiffs-appellants.

Michael G. Morris, Corpus Christi, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

EDITH HOLLAN JONES, Circuit Judge:

The appellants contest the district court's denial of preliminary injunctive relief and the stay of court proceedings pending arbitration. We AFFIRM the district court's determination.

The dispute arises out of a franchise agreement entered into in February, 1983, between appellants as franchisees and Doctor's Associates as franchisor for small businesses called the Subway Sandwich Shops. Appellants paid the appellee a franchise fee of $7,500, attended a training school in Connecticut, and cooperated to seek locations for Subway Sandwich Shops in San Antonio, Austin, and Dallas, Texas. According to appellants, Doctor's Associates was unable to obtain a satisfactory location for 18 months after the franchise agreement was signed, and plaintiffs, in despair, set up their own non-Subway shops in Corpus Christi. During the summer of 1984, the parties purported to resolve certain of their disputes by execution of a mutual release and refund to the appellants of a $2,500 check representing a security deposit on a lease that was never consummated. Appellants were never able to open a Subway Sandwich Shop. Their lawsuit sought relief based upon alleged breach of contract, negligence, release,

fraud in the inception, and deceptive trade practices in violation of state statute, and requested a temporary restraining order and injunction to prevent enforcement of the arbitration clause.

The matter was referred to a magistrate, who found a timely demand for arbitration was made by Doctor's Associates. The magistrate further concluded that the parties' arbitration agreement, which was contained in a section of their franchise contract, evidenced a transaction involving commerce, and was not sought to be overcome by any claim that appellants were defrauded or overreached in agreeing to the arbitration clause. As the arbitration provision at issue provided that "any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by Arbitration in accordance with the Rules of the American Arbitration Association," the magistrate found that the subject matter of the parties' dispute was within the scope of, and covered by, that clause. The district court adopted these findings and the legal conclusions that led to a stay of the appellants' lawsuit pending arbitration.

The Federal Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). *See* 9 U.S.C. §§ 3, 4. Confronted with this unequivocal language of the Supreme Court interpreting the statute, appellants have premised their challenge on two major grounds and two minor ones. The major grounds are (1) that their action, insofar as it states a claim under the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. §§ 17.41 *et seq.* (Vernon Supp.1986),

is not a contract claim subject to arbitration, and (2) that failure of the appellee to qualify to do business in the State of Texas bars its request for stay of proceedings in the district court. The minor contentions, which we forthwith reject, are that the parties' contract does not evidence a "transaction involving commerce" and that the mutual release does not fall within the scope of the arbitration clause. The nature of the franchise agreement, involving a contemplated continuous flow of money, advice, obligations, and benefits between Texas and Connecticut, was clearly in commerce. The "mutual release" by its terms deals with a "controversy or claim arising out of or relating to the franchise contract or the breach thereof" and thus does fall within the purview of the arbitration clause.

The appellants' complaint concerning the arbitrability of an unconscionability claim based on the Texas Deceptive Trade Practices Act is controlled and overruled by the Supreme Court's decision in *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The similarity between the cases is indeed striking. In *Southland,* plaintiff franchisees filed suit against the franchisor alleging, *inter alia,* fraud, oral misrepresentation, breach of contract, and violation of the California Franchise Investment Law. Franchisor Southland sought to compel arbitration, and by divided vote, the California Supreme Court held that claims presented under the state Franchise Investment Law were not arbitrable. *Id.* at 5, 104 S.Ct. at 855–56, 79 L.Ed.2d at 9. The U.S. Supreme Court reversed, finding in the Supremacy Clause of the Constitution and the congressional intent concerning the Federal Arbitration Act ample scope to conclude that the states may not thwart the federal policy to encourage arbitration. Neither party before us cites any Texas authority concerning whether claims under the state Deceptive Trade Practices Act are arbitrable. However, to the extent that that statute provides a remedy parallel to and often overlapping claims that may fall within the

**300**

scope of the Federal Arbitration Act, we find the *Southland* decision clearly apposite. Hence, enforcement of otherwise valid arbitration clauses cannot be denied solely by virtue of the suggestion that a claim, otherwise comprehended within the scope of an arbitration clause, is also based on the Texas Deceptive Trade Practices Act.

■ Appellants' final contention is that Doctor's Associates had no right to seek a stay pending arbitration because of its failure to qualify to do business in the State of Texas pursuant to Tex.Bus.Corp.Act Ann. art. 8.01 A (Vernon Supp.1986). This argument fails for two reasons. First, inasmuch as the appellee's franchise agreements amounted to transacting business in interstate commerce, no Texas Certificate of Authority to transact business was required. Tex.Bus.Corp.Act Ann. art. 8.01 B(9) (Vernon Supp.1986). Even if it was required, the absence of a Certificate neither impairs the validity of the contract between the parties nor prevents appellee from defending an action. Tex.Bus. Corp.Act Ann. art. 8.18 B (Vernon 1980). The request for stay of proceedings was in the nature of a defensive maneuver for which no Certificate of Authority is necessary. The irrelevance of this issue pretermits our need to consider whether the Federal Arbitration Act, as interpreted by *Southland,* could preempt the state's requirements for a defendant to transact business in its borders.

For the foregoing reasons, the judgment of the district court is AFFIRMED.