**Edwin T. BECKHAM, Plaintiff,**

v.

**The WILLIAM BAYLEY COMPANY, Defendant.**

**Civ. A. No. CA3–85–0021–D.**

United States District Court,
N.D. Texas,
Dallas Division.

March 5, 1987.

William Andress, Jr., of William Andress and Associates, Dallas, Tex., for plaintiff.

Michael L. Knapek, of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The court must decide whether a requirement to arbitrate a disagreement regarding the *intent* of a contract mandates arbitration of a disagreement concerning *performance* of the contract. The court concludes that arbitration is not required. Accordingly, it denies defendant's motion to dismiss for lack of subject matter jurisdiction and application to confirm arbitration award and motion for summary judgment.[1]

## I.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

In this removed action plaintiff, Edwin T. Beckham ("Beckham"), a general contractor, seeks damages from defendant, The William Bayley Company ("Bayley"), a steel casements and casement doors materialman. Beckham filed suit in Texas state court contending the casements and doors, when delivered six months late, were warped, the latches would not engage in the keepers, the glazier was unable to install the glass and, as a result, the architects would not approve them for installation. Plaintiff contends the units were returned to defendant's plant for correction

---

1. Also pending before the court are defendant's motion to stay pending arbitration and plaintiff's motion to stay or enjoin arbitration pro- ceedings, which motions the court considers to be moot.

and re-delivered approximately 60 days later but that, during the interim, plaintiff was forced to close down all work on the job site due to the lack of doors and windows. Plaintiff sues defendant pursuant to the Texas Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COMM.CODE ANN. §§ 17.41 *et seq.* (Vernon Supp.1986) ("TDTPA"),[2] for knowingly furnishing goods not of the standard or grade to produce a satisfactory window installation and for breach of warranty. Plaintiff seeks damages caused by the two and one-half months construction delay, attorney's fees, and treble damages pursuant to the TDTPA.

At the time Bayley removed this action to federal court it filed a motion to dismiss for lack of subject matter jurisdiction or to stay pending arbitration. Thereafter, plaintiff filed his motion to stay or enjoin arbitration proceedings. At the time these motions were filed this civil action was assigned to a docket that did not have an active U.S. District Judge. A committee of this court rejected the request that an active judge be assigned to decide these motions. Absent a decision on the pending motions, Bayley proceeded to arbitration before the American Arbitration Association in Cincinnati, Ohio; Beckham refused to participate. The arbitrator issued an award in favor of Bayley. Subsequently, Bayley moved this court to confirm the arbitration award and for summary judgment.

## II.

### DISCUSSION

Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation, *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir.1979), which is to be performed by the court. *AT & T Technologies, Inc. v. Communications Workers of America,*

— U.S. ——, 106 S.Ct. 1415, 1420, 89 L.Ed.2d 648 (1986) (it is court's duty to interpret agreement and determine whether parties intended to arbitrate). The court's interpretive function must be carried out with appropriate deference to the strong federal policy that favors arbitration over litigation and requires that arbitration clauses be construed generously, in favor of arbitration. *See Southland Corp. v. Keating,* 465 U.S. 1, 10–11, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984). The law imposes a presumption in favor of arbitrability which requires, whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, that the court decide the interpretation question in favor of arbitration. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983). The Federal Arbitration Act, 9 U.S.C. § 2, by its terms leaves no place for the exercise of discretion by a district court, but instead mandates that the court shall direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). Accordingly, arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible to an interpretation that could cover the dispute in issue. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960); *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane,* 773 F.2d 633, 635–37 (5th Cir. 1985). Notwithstanding judicial deference to arbitration, a party may not be required to arbitrate a dispute that it did not agree to arbitrate, *Commercial Metals Co. v. Balfour, Guthrie, and Co., Ltd.,* 577 F.2d 264, 266 (5th Cir.1978), and the controversy must come within the contract's arbitration provision before the court can order arbi-

---

**2.** That plaintiff brings a claim pursuant to the TDTPA is not controlling, *see Ommani v. Doctor's Associates, Inc.,* 789 F.2d 298, 300 (5th Cir.1986) (enforcement of otherwise valid arbitration clause cannot be denied because claim within arbitration clause is also based on TDTPA), and neither party contends that plaintiff's TDTPA claim should affect the court's disposition of the question presented.

tration. *Explo, Inc. v. Southern Natural Gas Co.*, 788 F.2d 1096, 1098 (5th Cir.1986).

■ With the foregoing principles in mind, the court turns to the arbitration clause at issue, which reads as follows:

ARBITRATION: Any disagreement between the Seller [Bayley] and the Purchaser [Beckham] *as to the intent of this contract*, at the request of either, shall be presented for arbitration in accordance with the requirements set forth by the American Institute of Architects, or the American Arbitration Association. (Emphasis added).

Defendant contends the clause requires the parties to arbitrate plaintiff's claim; plaintiff contends his suit complains of defendant's *performance* under the contract and that the parties' contractual *intent* is undisputed.

Ordinarily, arbitration clauses contain a requirement by which the parties arbitrate "any controversy or claim arising out of or relating to [the] contract or the breach thereof"[3] or, with minor variation, "any controversy concerning the interpretation, performance, or application of [the] contract."[4] *See Butler Products Co. v. Unistrut Corp.*, 367 F.2d 733, 735–36 (7th Cir. 1966). A standard broad arbitration clause reads as follows:

Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.

Hoellering, "Arbitrability of Disputes," 41 THE BUSINESS LAWYER 125 (Nov. 1985), *citing* K. Seide, *A Dictionary of Arbitration and its Terms* 21 (1970).

The arbitration clause in the instant case uses none of these phrases nor a variation.

Instead, the disputed clause requires that the parties arbitrate only disagreements as to the *intent* of the contract. Therefore, the court is compelled to agree with plaintiff that the parties did not intend to arbitrate plaintiff's claim that defendant delivered defective casements and doors.

That a dispute regarding "intent" is not conceptually equivalent to a dispute regarding "performance" is easily illustrated. In this case the parties contractually agreed that the casement ventilators were to be equipped with "standard" insect screens. Had the parties disputed whether the screens, as delivered, were in fact "standard" screens, the arbitration clause would have required that the parties' intent as to the meaning of the term "standard" be resolved by arbitration. However, if "standard" insect screens were in fact delivered, but in damaged condition which caused the job to be shut down, the resulting dispute would be one concerning contract *performance*, the parties having intended that Bayley not deliver damaged insect screens.

■ The parties' failure to use phrases or terms ordinarily included in an arbitration clause is evidence that they did not agree to arbitrate all the issues arising out of their business relationship. *See Bell Canada*, 563 F.Supp. at 639 (that parties did not use the standard or a similar broad clause but tailored a provision applicable only in a clearly defined situation is forceful evidence of their purpose to limit the arbitrable issues). *See also AT & T Technologies*, —— U.S. at ——, 106 S.Ct. at 1420 (issue in case is whether, because of *express exclusion* or other *forceful exclusion*, the dispute is not subject to the arbitration clause).

■ The strong federal policy that favors resolving doubts about an arbitration clause in favor of arbitration cannot serve

---

3. *See, e.g., Commerce Park at DFW Freeport v. Mardian Construction Co.*, 729 F.2d 334, 338 n. 1 (5th Cir.1984); *Bell Canada v. ITT Telecommunications Corp.*, 563 F.Supp. 636, 639 n. 7 (S.D. N.Y.1983).

4. *See, e.g., Mar-Len of Louisiana*, 773 F.2d at 634 ("interpretation or performance"); *Schacht v. Beacon Insurance Co.*, 742 F.2d 386, 388 (7th Cir.1984) ("interpretation or performance"); *Central States, Southeast and Southwest Areas Pension Fund v. Howard Martin, Inc.*, 625 F.2d 171, 172 (7th Cir.1980) ("interpretation").

to stretch a contractual clause beyond the scope intended by the parties. The court concludes that the parties did not agree to submit to arbitration a dispute regarding *performance* of the instant contract.

### III.

Defendant's motion to dismiss for lack of subject matter jurisdiction and application to confirm arbitration award and motion for summary judgment are denied. Accordingly, consonant with the court's January 7, 1987 order, the parties shall now submit a proposal for contents of scheduling and discovery order that complies with the court's November 19, 1986 order. The proposal shall be filed on or before March 19, 1987.

SO ORDERED.