HOU–SCAPE, INC., Relator,

v.

The Honorable Russell LLOYD, Judge of
the 334th District Court, Harris
County, Texas, Respondent.

No. 01–97–00169–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 3, 1997.

L. Keith Rhymes, Corprew Kaye Cockran, Houston, for relator.

Eddie Krenek, Houston, for real parties in interest.

Before COHEN, O'CONNOR and HEDGES, JJ.

## OPINION

PER CURIAM.

Hou–Scape, Inc. (Hou–Scape), relator, seeks mandamus relief from the trial judge's order denying arbitration of tort claims. Hou–Scape also seeks to compel the trial judge to confirm an arbitration award already rendered. We conditionally grant the writ of mandamus, sending the tort claims to arbitration, but we do not compel the judge to confirm the arbitration award.

## BACKGROUND

Johnson Golf Course Construction Company, Inc. (Johnson), a real party in interest, contracted to work on a city's golf course. Johnson, in turn, sub-contracted with Hou–Scape to perform landscaping and planting at the golf course. The sub-contract required Johnson to purchase a payment and performance bond, which Johnson obtained through Colonia Insurance Company (Colonia), the other real party in interest.

Hou–Scape sued Johnson for the sub-contract's breach. Hou–Scape sued Colonia a few months later for not paying pursuant to the performance bond. Johnson counterclaimed against Hou–Scape for fraud and misrepresentation; Deceptive Trade Practices Act [1] (DTPA) violations; breach of express and implied warranties; negligence and gross negligence; breach of contract; violations of TEX. GOV'T CODE ANN. § 2253.079 (Vernon Pamph.1997); and recission.

About four months after suing Johnson, Hou–Scape moved to compel arbitration un-

---

1. TEX.BUS. & COM.CODE ANN. § 17.41 *et seq.* (Vernon 1987 & Vernon Supp.1996).

der the Federal Arbitration Act (FAA) [2] and to stay the court proceedings. The subcontract between Hou–Scape and Johnson contains the following arbitration clause:

> 6.1. Any controversy or claim between the Contractor [Johnson] and the Subcontractor [Hou–Scape] arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and Contractor ... If the Prime Contract does not provide for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise.

The prime contract between Johnson and the city also contained an arbitration clause applicable to Johnson and Hou–Scape. The prime contract provided for arbitration as follows:

> 16.1. All Claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of, or relating to the Contract Documents or the breach thereof ... will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining subject to the limitations of this Article 16.
> 16.3. ... The demand for arbitration will be made within ... a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall any such demand be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

After a hearing, the trial judge granted Hou–Scape's motion to compel arbitration and stay proceedings. We have no record of that hearing, but Hou–Scape claims, and Johnson does not dispute, that no evidence was presented then. Only argument of counsel was heard.

After the hearing, Johnson added two causes of action to its counterclaim, one for libel and defamation and one for tortious interference with business relations. Johnson moved to sever non-arbitrable claims. The judge ordered that all tort claims be tried rather than arbitrated.

The arbitration proceeded on the parties' contract claims against each other, resulting in a $115,000 judgment for Hou–Scape. Hou–Scape then moved the trial judge to confirm the arbitration award, pursuant to Section 171.013 of the Texas Arbitration Act [3] (TAA). Hou–Scape requested that the trial judge either (1) enter a judgment stating that all claims had been decided by the arbitrator, or alternatively, (2) enter two judgments, one confirming the award for all but tort claims, and a second one ordering the remaining tort claims to arbitration. Johnson moved to vacate the award. No ruling was made on either motion.

## RELATOR'S REQUEST THAT MANDAMUS ISSUE TO COMPEL THE TRIAL JUDGE TO ENTER JUDGMENT ON THE ARBITRATION AWARD

■ The TAA requires a court to confirm an arbitration award unless a party urges proper grounds to vacate, modify or correct the award within, in most situations, 90 days after the delivery of a copy of the award to the applicant. TEX.CIV.PRAC. & REM.CODE ANN. § 171.013 (Vernon Supp.1996). If the application to vacate the award is denied, the trial court must confirm the award. TEX.CIV. PRAC. & REM.CODE ANN. § 171.014(d) (Vernon Supp.1996). Johnson timely moved to vacate the arbitration award, and the trial judge has not yet ruled on Johnson's motion. We hold that this issue is not ripe for our consideration.

## RELATOR'S REQUEST THAT MANDAMUS ISSUE TO COMPEL THE TRIAL COURT TO SEND TORT CLAIMS TO ARBITRATION

### 1. Application of the FAA

■ The threshold issue is whether the

---

**2.** 9 U.S.C. § 1 *et seq.* (1987 & 1996 Supp.).

**3.** TEX.CIV.PRAC. & REM.CODE ANN. § 171.001 *et seq.* (Vernon Supp.1996).

FAA applies to the arbitration clause.[4] The FAA applies to an arbitration agreement in a contract evidencing a transaction involving "commerce." 9 U.S.C. § 2 (1987); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex.1992). "Commerce" is broadly construed and encompasses contracts relating to interstate commerce. *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 355 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ Hou–Scape's verified motion to compel arbitration alleged that the goods it provided were in interstate commerce and that Colonia was a New York insurance corporation. Neither Johnson nor Colonia has contested these assertions here or below. Moreover, the prime contract refers to the FAA, stating, "The award ... will not be subject to modification or appeal except to the extent permitted by Sections 10 and 11 of the Federal Arbitration Act ..." Consequently, we hold the FAA applies to the arbitration clause. *See Lost Creek Mun. Util. Dist. v. Travis Indus. Painters, Inc.*, 827 S.W.2d 103, 105 (Tex.App.—Austin 1992, writ denied) (finding "commerce" where surety bond was issued and goods were made outside state); *cf. Belmont Constructors, Inc.*, 896 S.W.2d at 356 (treating insurance by foreign companies as evidence of interstate commerce).

### 2. Standard of Review and Availability of Mandamus Relief

■ Mandamus will lie under the FAA. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 88 (Tex.1996); *Metropolitan Life Ins. Co. v. Lindsay*, 920 S.W.2d 720, 722 (Tex.App.— Houston [1st Dist.] 1996, orig. proceeding). We follow the standard of review in *Anglin*, 842 S.W.2d at 271, 272–73.

### 3. Scope of Arbitration Clause

■ When the FAA applies, federal law determines whether a dispute is arbitrable. *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex.1995); *Prudential–Bache Sec., Inc. v. Garza*, 848 S.W.2d 803, 806 (Tex. App.—Corpus Christi 1993, orig. proceed-

ing). We use federal common law to interpret the arbitration clause at issue. *Prudential Sec., Inc.*, 909 S.W.2d at 899.

■ A party cannot be required to arbitrate unless it has agreed to do so. *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir.1995). Nevertheless, there is a strong federal policy favoring arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Metropolitan Life Ins. Co.*, 920 S.W.2d at 722. An order to arbitrate should not be denied unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); *Metropolitan Life Ins. Co.*, 920 S.W.2d at 722. Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941; *Metropolitan Life Ins. Co.*, 920 S.W.2d at 722. In determining whether the claim falls within an arbitration agreement's scope, a court focuses on the facts alleged, not on the causes of action asserted. *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2nd Cir.1987); *Prudential Sec., Inc.*, 909 S.W.2d at 900.

Courts consider whether the facts alleged "touch matters" covered by the underlying agreement. *Genesco*, 815 F.2d at 846; *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir.1996) ("significant relationship" to the contract); *Griffin v. Semperit of Am., Inc.*, 414 F.Supp. 1384, 1389 (S.D.Tex.1976) ("inextricably enmeshed"); *Anglin*, 842 S.W.2d at 271 ("factually intertwined"). The fact that a tort claim would not have arisen "but for" the parties' contract does not necessarily determine whether that claim is arbitrable. *Tracer Research Corp. v. Nat'l Environ. Serv. Co.*, 42 F.3d 1292, 1295 (9th Cir.1994). The words used in these particular contracts, "arising out of or relating to," have been held

---

4. Hou–Scape may have the arbitration award confirmed under the TAA even where the FAA applies to the arbitration clause's enforcement and interpretation. *See* Tex.Civ.Prac. & Rem.Code Ann. § 171.013 (Vernon Supp.1996).

to be very broad language favoring arbitration. *See Tracer Research Corp.*, 42 F.3d at 1295; *Genesco*, 815 F.2d at 848; *Pierson v. Dean, Witter, Reynolds, Inc.*, 742 F.2d 334, 338 (7th Cir.1984).

### a. Johnson's DTPA Claims

Johnson alleges that Hou–Scape's products and services were deficient and did not meet warranties and representations Hou–Scape had made. We find that these claims arise out of and relate to the sub-contract and, therefore, are arbitrable. *See Anglin*, 842 S.W.2d at 271 (finding DTPA claim was arbitrable); *cf., D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.*, 848 S.W.2d 226, 231 (Tex.App.—Corpus Christi 1992, writ dism'd w.o.j.) (finding same, under TAA).

### b. Johnson's Misrepresentation and Fraud Claims

Johnson alleges that Hou–Scape misrepresented its expertise, ability, and intent to perform under the sub-contract. That is, Hou–Scape fraudulently induced Johnson into the sub-contract. We find that these claims arise out of and relate to the sub-contract and, therefore, are arbitrable. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406, 87 S.Ct. 1801, 1807, 18 L.Ed.2d 1270 (1967) (finding "arising out of or relating to this Agreement or the breach thereof" was broad enough to encompass fraudulent inducement claim); *Gregory v. Electro–Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir.1996); *Genesco*, 815 F.2d at 855.

### c. Johnson's Negligence and Gross Negligence Claims

Johnson's negligence allegations are that: (1) Hou–Scape did not properly investigate or analyze before performing its contractual duties, and (2) Hou–Scape did not perform its contractual duties properly. We find these claims arise out of and relate to the sub-contract and, therefore, are arbitrable. *See Pierson*, 742 F.2d at 338 (finding negligence and gross negligence claims were arbitrable).

### d. Johnson's Libel and Defamation Claims

A defamation claim is generally arbitrable if the alleged statements arose directly out of a dispute about the contractual relation, if the statements were integrally linked to the parties' contractual relation, or if the statements arose from the contract's performance. *Popper v. Monroe*, 673 F.Supp. 1228, 1230 (S.D.N.Y.1987).

Johnson alleges that Hou–Scape made false statements that Johnson was unwilling and could not properly perform under the sub-contract. Such statements arise out of and are integrally related to the parties' relation and the sub-contract's performance. Resolution of these claims will require reference to the sub-contract and the facts surrounding it. Therefore, these claims are arbitrable. *See J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320 (4th Cir.1988).

### e. Johnson's Tortious Interference Claims

Johnson's alleges that Hou–Scape (1) interfered with Johnson's existing and prospective business relationships with the city, (2) interfered with unspecified "other" business opportunities, and (3) set out to destroy Johnson's standing and reputation in the construction industry. It was Johnson's burden to show that this claim was not arbitrable, given the strong policy favoring arbitrability. *See Prudential Sec., Inc.*, 909 S.W.2d at 900. In view of Johnson's general, conclusory allegations and the contracts' broad arbitration language, we cannot say with "positive assurance" that this claim does not fall under the arbitration clause. *Id.*

Accordingly, we conditionally grant the writ of mandamus and direct the trial judge to order that all claims discussed above proceed to arbitration under the Federal Arbitration Act.