ASSOCIATED AIR FREIGHT,
INC., Appellant,

v.

David MEEK, Nancy Meek, and Professional Logistics Management Company, Inc., Appellees.

In re Associated Air Freight,
Inc., Relator.

Nos. 01–00–00994–CV, 01–00–00834–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 2001.

Rehearing Overruled March 8, 2001.

Robert Glen Moll, Dana Keith Martin, Houston, for appellant in case no. 01-00-00994.

Thomas Lee Bartlett, Houston, for appellee in case no. 01-00-00994.

Joseph R. McGoey, Houston, for appellant in case no. 01-00-00834.

Lester R. Buzbee, III, Humble, for appellee in case no. 01-00-00834.

Panel consists of Justices MIARABAL, TAFT, and DUGGAN.[*]

## OPINION

TIM TAFT, Justice.

Cause No. 01–00–00994–CV is an attempted, interlocutory, accelerated appeal from an order denying motions by Associated Air Freight, Inc. (Associated), appellant, which sought to enforce an arbitration clause, or, alternatively, to dismiss the cause below under a forum-selection clause. Cause No. 01–00–00843–CV is an original proceeding in which Associated seeks mandamus relief from this Court on similar grounds, and has moved to stay further proceedings in the trial court. We

---

[*] The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

have consolidated the causes to render a decision disposing of both simultaneously. *See In re Valero Energy Corp.*, 968 S.W.2d 916, 916–17 (Tex.1998). We dismiss the interlocutory appeal, and deny mandamus relief, including Associated's motion for emergency relief.

These causes arise from a lawsuit filed by David Meek, Nancy Meek, and Professional Logistics Management Company, Inc. (PLMC), who are appellees in Cause No. 01–00–994–CV, and real parties-in-interest in Cause No. 01–00–834–CV. The Meeks' and PLMC's pleadings state that Associated is a foreign corporation doing business in Texas. The Meeks are Texas residents and PLMC is a Texas corporation. The Meeks and PLMC allege that Associated wrongfully terminated its sales-agency agreement with PLMC, and executed a new sales-agency agreement with a different Texas corporation, Universal Logistics, Inc. (ULI). The Meeks and PLMC claim Associated conspired with their former partners, Myra Hill, Ivy Dane Mims, and David B. Rogers, who formed ULI in breach of duties owed the Meeks and PLMC, and that ULI is the alter ego of Hill, Mims, and Rogers. Shortly after suit was filed, Associated sought to enforce an arbitration provision and a forum-selection clause in its sales-agency agreement with PLMC.

### Appeal—Cause No. 01–00–00994–CV

### A. No Jurisdiction for Appeal of Denial of Arbitration under the FAA

■■■ Associated challenges the trial court's failure to enforce an arbitration clause under Chapter 171 of the Civil Practice and Remedies Code, which contains the General Arbitration Act (the Tex-

as Act). In requesting relief from the trial court, however, Associated relied on the Federal Arbitration Act, 9 U.S.C. § 1 (1994) (the FAA).[1] While the FAA permits appeals from interlocutory orders denying arbitration, federal procedure does not apply in Texas courts, even when we apply the FAA. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *Belmont Constructors, Inc. v. Lyondell Petrochem. Co.*, 896 S.W.2d 352, 355 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). Texas procedure limits this Court's appellate jurisdiction to review of final orders and judgments, and interlocutory orders expressly authorized by statute. *Anglin*, 842 S.W.2d at 272. An order denying arbitration under the FAA is neither a final disposition, nor expressly authorized by section 171.098(a)(1)-(5) of the Civil Practice and Remedies Code, nor any other statutory exception. *See Anglin*, 842 S.W.2d at 272; *Stewart Title Guar. Co. v. Mack*, 945 S.W.2d 330, 332 (Tex.App.—Houston [1st Dist.] 1997, writ dism'd w.o.j. [leave denied]). Accordingly, we have no jurisdiction to address Associated's complaint by appeal.

### B. No Jurisdiction over Appeal of Interlocutory Refusal to Enforce Forum Selection Clause

■■■ Associated also challenges the trial court's refusal to dismiss this cause based on a contractual forum-selection clause. Here, again, the trial court's order is not a final disposition of the case, but interlocutory, and none of the statutorily authorized exceptions for interlocutory appeals applies. Accordingly, we lack jurisdiction to address Associated's complaint by appeal. *See* TEX.CIV.PRAC. & REM.CODE

---

**1.** In its motion for stay pending arbitration, Associated specifically stated: "Comes now [Associated] and moves that this matter be

stayed pending arbitration pursuant to the Federal Arbitration Act...."

ANN. §§ 51.014, 171.098 (Vernon Supp. 2001); *Stewart Title,* 945 S.W.2d at 332.

We dismiss the appeal in Cause No. 01–00–00994–CV.

**Mandamus—Cause No. 01–00–00843–CV**

**A. Associated's Right to Arbitrate under the FAA**

 Mandamus may issue when a trial court violates a duty imposed by law, or clearly abuses its discretion, and the complaining party has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A party erroneously denied its right to arbitration under the FAA has no adequate appellate remedy and is entitled to mandamus relief. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 88 (Tex.1996); *Hou–Scape, Inc. v. Lloyd,* 945 S.W.2d 202, 205 (Tex.App.—Houston [1st Dist.] 1997, orig. proceeding). We may not, however, disturb the trial court's factual determinations on mandamus review. *Mendoza v. Eighth Court of Appeals,* 917 S.W.2d 787, 789 (Tex.1996); *see Walker,* 827 S.W.2d at 840 (requiring deferential review of trial court's factual determinations unless the trial court "could reasonably have reached only one decision"). Likewise, we may not "plumb" the trial court's subjective reasoning; we must focus instead on the record before the trial court, and whether, based on that record, the trial court's decision was arbitrary and amounted " 'to a clear and prejudicial error of law.' " *In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 605 (Tex.1998) (quoting from *Walker,* 827 S.W.2d at 839, which quoted from *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). As with any request that mandamus issue, the petitioner must establish a clear right to relief. *ISK Biotech Corp. v. Lindsay,* 933 S.W.2d 565, 568 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding).

**1. Factual Background**

Associated is a New York company engaged in the air-freight business. In 1999, Associated and PLMC executed an agreement (the first agency agreement) by which PLMC became Associated's sales agent within the 100 mile radius from Associated's Houston facility. David L. Meek signed the agreement on behalf of PLMC on July 21, 1999. In addition to other terms, the agreement contained the following provision concerning arbitration:

1. This Agreement shall be governed and construed in accordance with the laws of the State of New York applicable to agreements made to be performed entirely within such State. In the event of a dispute hereunder the parties hereto agree to submit same to arbitration before the American Arbitration Association, as follows: in the event of a claim by [PLMC] against Associated, it shall be made in the White Plains office of the AAA. In the event of a claim by Associated against [PLMC] it shall be made in the office of the AAA nearest to the Agent.

On February 9, 2000, Associated signed a virtually identical agency sales agreement, which contained the same arbitration clause (the second agency agreement), with ULI. Hill, Mims, and Rogers had signed the agreement two days before, on behalf of ULI.

The Meeks claim they were partners with Hill, Mims, and Rogers in PLMC, and advanced over $100,000 to the partnership, which the partnership agreed to repay and which allowed PLMC to become profitable in servicing Associated's requirements under the first agency agreement. The Meeks contend they were induced to assign additional stock to Hill, Mims, and Rogers after they set up PLMC, which allowed Hill, Mims, and Rogers to become majority shareholders. The Meeks claim

that, once Hill, Mims, and Rogers became majority shareholders, they conspired with Associated: to defraud the Meeks of their ownership interest in PLMC, in breach of fiduciary duties owed the Meeks and PLMC; to usurp PLMC's corporate opportunities; to self-deal; to effect the resignation of Hill, Mims, and Rogers from PLMC on February 5, 2000; to terminate the first agency agreement with PLMC;[2] and to allow ULI, an alter ego entity created by Hill, Mims, and Rogers, to assume PLMC's operations on February 6, 2000, to the exclusion of the Meeks. As addressed above, the Meeks and PLMC seek legal and equitable remedies premised on partnership and corporate duties owed them, and damages, for return of over $100,000 advanced to PLMC and not paid, as well as punitive damages.[3] Less than a month after suit was filed, Associated sought to enforce the arbitration clause in the first agency agreement, and later invoked the arbitration clause in the second agency agreement as well.

## 2. Interstate Commerce

■ The party seeking to compel arbitration under the FAA carries a two-pronged burden: (1) to establish its right to arbitrate under the act; and (2) to establish that the opponent's claims are within the scope of the arbitration clause. *See Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996); *Anglin,* 842 S.W.2d at 269–70; *Stewart Title,* 945 S.W.2d at 333. A threshold issue, therefore, is whether the FAA applies. *See Hou–Scape,* 945 S.W.2d at 205. Federal law governs whether the dispute is subject to arbitration under the FAA. *Prudential Securities, Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex.1995); *Hou–Scape,* 945 S.W.2d at 205.

The FAA provides for enforcement of written arbitration provisions in contracts "evidencing a transaction involving commerce." *See Anglin,* 842 S.W.2d at 269–70 (quoting from 9 U.S.C. § 2); *Belmont Constructors,* 896 S.W.2d at 355; *see also Stewart Title,* 945 S.W.2d at 333 ("The federal act applies only to contracts relating to interstate commerce."); *Hou–Scape,* 945 S.W.2d at 205 (noting that the term "commerce" is broadly construed, and encompasses contracts relating to interstate commerce).

■ The arbitration clauses here do not specify that the FAA controls. *Compare Cantella,* 924 S.W.2d at 944 (contract specifying FAA); *Hou–Scape,* 945 S.W.2d at 205 (contract referring to specific provisions of FAA). When the arbitration clause does not specify the FAA, a fact question arises concerning whether the transaction affects interstate commerce. *Stewart Title,* 945 S.W.2d at 331–33; *Ikon Office Solutions, Inc. v. Eifert,* 2 S.W.3d 688, 691–92, 696 (Tex.App.—Houston [14th Dist.] 1999, no pet., orig. proceeding).

■ To meet its *Cantella* burden to establish its right to arbitrate under the FAA, therefore, Associated had a preliminary evidentiary burden to show that the sales-agency agreements affected interstate commerce. *See* 9 U.S.C. § 2 (1994) (governing enforcement of a contract *"evidencing"* a transaction involving com-

---

**2.** In their pleadings, the Meeks and PLMC acknowledge that Associated had a right to terminate the first agency agreement; their complaint is that Associated was a party to a conspiracy with the Meeks' former partners.

**3.** Before the trial judge ruled on the motion to stay pending arbitration, the Meeks and

PLMC dismissed all claims against Associated except the claim that Associated conspired with Hill, Mims, and Rogers, in breach of the legal, equitable, and fiduciary duties Hill, Mims, and Rogers owed the Meeks and PLMC.

merce); *Cantella,* 924 S.W.2d at 944 ("Cantella *proved up* the arbitration agreement and that the subject matter involved [interstate] commerce, *thereby* bringing the agreement within the FAA's scope."); *Capital Income Properties–LXXX v. Blackmon,* 843 S.W.2d 22, 23 (Tex.1992) (stating that FAA dictates enforcement of arbitration *"upon evidence"* that a written agreement to arbitrate exists and that the claims are within the scope of the agreement) (emphasis added throughout).[4] Because arbitration should proceed summarily when it is appropriate, a "full evidentiary hearing" is not required unless material facts are controverted. *MHI Partnership,* 7 S.W.3d at 922 (quoting from *Anglin,* 842 S.W.2d at 269). Associated nevertheless had a minimal evidentiary burden, under the authorities cited, to establish that the sales-agency agreement affected interstate commerce.

Associated did not verify its motion seeking enforcement of the arbitration clause. As noted above, the arbitration clause specifies neither the Texas act nor the FAA. Associated alleged no facts to support its claim that the agreements involve interstate commerce, and the provisions of the identical, five-page agreements were never authenticated. Moreover, we have no reporter's record from any evidentiary hearing in the trial court.

Because Associated has not met its evidentiary burden to establish its right to arbitrate under the FAA, we conclude that Associated has not met its burden to establish its right to mandamus relief from this Court. But, even if the FAA applied,

Associated's claims are not within the scope of the arbitration clause.

### 3. Scope of Arbitration Clause

 Federal policy strongly favors arbitration and resolves all doubts concerning arbitrability in favor of arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Prudential Sec.,* 909 S.W.2d at 898; *Hou–Scape,* 945 S.W.2d at 205. Arbitration clauses are enforced under the FAA, therefore, unless it can be said with positive assurance that the clause is not susceptible of an interpretation that covers the dispute at issue. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); *Pennzoil Exploration & Prod. Co. v. Ramco Energy, Ltd.,* 139 F.3d 1061, 1067 (5th Cir.1998); *Prudential Sec.,* 909 S.W.2d at 899; *Hou–Scape,* 945 S.W.2d at 205. But this strong policy favoring arbitration does not permit stretching an arbitration provision beyond its intended scope. *See Teamsters v. Stanley Structures, Inc.,* 735 F.2d 903, 905 (5th Cir.1984); *Beckham v. William Bayley Co.,* 655 F.Supp. 288, 291–92 (N.D.Tex.1987); *Belmont Constructors,* 896 S.W.2d at 356.

 In determining whether an arbitration clause encompasses a claim, courts focus on the facts alleged, not the causes of action asserted. *Prudential Sec.,* 909 S.W.2d at 900; *Hou–Scape,* 945 S.W.2d at 205. Whether a claim is within the scope of an agreement to arbitrate is a matter of contract interpretation and thus

---

**4.** *See also Stewart Title,* 945 S.W.2d at 333 ("Stewart Title offered no *evidence* of interstate commerce."); *Ikon Office Solutions,* 2 S.W.3d at 696 ("Relators make no attempt to *prove* that ... dispute concerns a transaction involving interstate commerce."); *Anglin,* 842 S.W.2d at 270 (listing the pleadings, contract,

and the "clear, direct, and positive evidence of [Anglin's] undisputed *affidavit,*" as constituting the "material evidence" on whether the FAA applied); *Hou–Scape,* 945 S.W.2d at 205 (construing allegations of *verified* motion to compel arbitration) (emphasis added throughout).

a question of law for the court. *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986); *see Beckham*, 655 F.Supp. at 290. We consider whether the facts alleged are "factually intertwined" with the contract containing the arbitration clause. *Anglin*, 842 S.W.2d at 271; *Hou–Scape*, 945 S.W.2d at 205; *see also Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir.1987) (whether facts alleged "touch" matters covered by the underlying agreement); *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir.1996) ("significant relationship" to the contract); *Griffin v. Semperit of Am., Inc.*, 414 F.Supp. 1384, 1389 (S.D.Tex.1976) ("inextricably enmeshed" with the contract). That a tort claim would not have arisen "but for" the parties' contract does not necessarily determine whether that claim is arbitrable. *Tracer Research Corp. v. National Environ. Serv. Co.*, 42 F.3d 1292, 1295 (9th Cir.1994).

■ The arbitration clause Associated relies on here, excerpted in full above, is contained in agreements by which Associated appointed first PLMC, and then ULI, as Associated's sales agents. The arbitration provision states only that: "In the event of *a dispute hereunder*, the parties hereto agree to submit same to arbitration .…" (emphasis added) The plain language of the clause contemplates a dispute under the sales-agency agreement.

■ As Judge Fitzwater, of the United States District court for the Northern District of Texas at Dallas, explained in *Beckham*, arbitration clauses generally require the parties to arbitrate " 'any controversy or claim arising out of or relating to [the] contract or the breach thereof,' " or, alternatively, " 'any controversy concerning the interpretation, performance, or application

of [the] contract.' " *Beckham*, 655 F.Supp. at 291 (brackets in original). An arbitration provision that omits these broad terms indicates that the parties to the contract did not agree to arbitrate all disputes arising out of their business relationship. *Id.*

The Meeks' and PLMC's allegations in this lawsuit touch only tangentially on the agency sales agreements. The Meeks and PLMC focus instead on the professional relationship between the Meeks and their former partners and shareholders, and sound strongly in tort and legal and equitable duties beyond those encompassed by the sales-agency agreements. Given these allegations, and the narrow arbitration clause, which restricts arbitration to disputes under the sales-agency agreement, we conclude that the Meeks' and PLMC's claims are not within the scope of the arbitration provision. Because Associated did not establish that the Meeks' and PLMC's claims are within the scope of the arbitration provision, Associated has not established its right to mandamus relief under the FAA.

### B. Forum–Selection Clause

Associated also requests mandamus relief to require the trial court to enforce a forum-selection clause in the sales-agency agreements. Associated requests this relief based on two cases in which the supreme court has granted interlocutory relief by mandamus because "special circumstances" warranted revising a trial court's scheduling order. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 943 (Tex.1998); *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex.1997). These special circumstances are not present here. Moreover, as Associated concedes, "it is presently unclear" whether mandamus will issue to enforce a forum-selection clause. Because mandamus re-

quires a clear right to relief, *ISK Biotech Corp.*, 933 S.W.2d at 568, Associated has not established its right to the extraordinary writ on this ground.

## Conclusion

We dismiss the interlocutory appeal in Cause No. 01–00–00994–CV for want of jurisdiction, and deny mandamus relief in Cause No. 01–00–00843–CV, including the motion for emergency relief.