In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00694-CV
____________

MELVIN C. BROOKS, Appellant

V.

PEP BOYS AUTOMOTIVE SUPERCENTERS A/K/A PEP BOYS MANNIE, MOE
& JACK OF CALIFORNIA, Appellee




On Appeal from the 190th District Court 
Harris County, Texas
Trial Court Cause No. 01-05970 




O P I N I O N
          Appellant, Melvin C. Brooks, sued his former employer, appellee, Pep Boys
Automotive Supercenters a/k/a Pep Boys Mannie, Moe & Jack of California (Pep
Boys), for wrongful discharge. Brooks brings this appeal to challenge the trial court’s
order that (1) compelled him to arbitrate his claims against Pep Boys and (2)
dismissed his lawsuit in its entirety. We vacate the dismissal portion of the trial
court’s order and dismiss the remainder of the appeal for want of jurisdiction.
Background
          Brooks is a former employee of Pep Boys, a nationwide automotive parts
and service company. When he applied for work at Pep Boys, Brooks signed a
“Mutual Agreement to Arbitrate Claims—Applicant” (arbitration agreement)
as a condition of employment. Brooks’s pleadings allege he sustained an injury
on the job, filed a workers’ compensation claim, and was then wrongfully
discharged for filing that claim. See Tex. Lab. Code Ann. § 451.001(1) (Vernon
1996)


 
          Four months after Brooks filed suit, Pep Boys filed a “Motion to Dismiss,
or in the Alternative, to Stay and Compel Arbitration and Brief in Support
thereof.” In this motion, Pep Boys argued that the arbitration agreement
covered Brooks’s wrongful-discharge claim. Pep Boys asked the trial court to
stay the lawsuit and compel arbitration, in compliance with the agreement, or,
alternatively, to dismiss Brooks’s lawsuit. Pep Boys’ motion emphasized the
merits of compelling arbitration. The motion requested dismissal solely as a
consequence of submitting Brooks’s claims to arbitration and did not cite any
authority to support the dismissal. 
          In granting Peb Boys’ motion, the trial court not only ordered that Brooks
arbitrate his claims against Pep Boys, but also dismissed Brooks’s lawsuit “in its
entirety.” 
Dismissal Portion of Trial Court’s Order
          We begin with Brooks’s fourth issue, in which he challenges the dismissal 
of his lawsuit against Pep Boys in its entirety. Brooks contends the trial court
improperly dismissed the entire case and could only stay the lawsuit on
compelling arbitration. We agree, but first address our jurisdiction to address
this issue by appeal. See, e.g., Fandey v. Lee, 876 S.W.2d 458, 459 (Tex. App.—El
Paso 1994, no writ) (noting that appellate court must determine fundamental
question of jurisdiction sua sponte). 
          An appeal may be taken only from a final judgment as a general rule. See
Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 & n.12 (Tex. 2001) (listing
statutory exceptions by footnote). A judgment is final for purposes of appellate
review if it disposes of all pending claims and parties, as determined from the
language of the judgment and the record in the case. Id. at 195. An order that
dismisses a case is a final judgment. See Ritzell v. Espeche, 87 S.W.3d 537, 538
(Tex. 2002) (“‘[A]n order that expressly disposes of the entire case is not
interlocutory merely because the record fails to show an adequate motion or
legal basis for the disposition.’” (quoting Lehmann, 39 S.W.3d at 206)). 
          Brooks’s were the only claims before the trial court. Despite the
conclusory nature of Pep Boys’ request for dismissal, the trial court’s order
dismissed Brooks’s entire case. See id. We conclude that, to the extent the trial
court dismissed Brooks’s entire case, the trial court’s order is reviewable as an
appeal from a final judgment.          In defending the trial court’s dismissing
Brooks’s entire lawsuit, Pep Boys argues that the Federal Arbitration Act
(FAA)


 applies and relies on federal cases that either approve of or grant that
disposition. Even when applying the FAA, however, a Texas court must apply
Texas procedural law and not federal procedural law. Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992); Associated Air Freight, Inc. v. Meek, 67
S.W.3d 249, 252 (Tex. App.—Houston [1st Dist.] 2001, no pet.). If a trial court
concludes that the parties have established an agreement to arbitrate under the
FAA and that the claims to be arbitrated are within the scope of the agreement,
a Texas trial court “has no discretion but to compel arbitration and stay its
proceedings pending arbitration.” Cantella v. Goodwin, 924 S.W.2d 943, 944 (Tex.
1996) (emphasis added); see also Tex. Civ. Prac. & Rem. Code Ann. §§
171.086(b)-(c) (defining orders trial court may render while arbitration pending
or concluded) and 171.087-.092 (governing trial court’s actions relating to
arbitrator’s award, including entry of judgment on award) (Vernon 1997 &
Supp. 2003). The Civil Practice and Remedies Code thus contemplates
continuing trial-court jurisdiction over the case pending arbitration, rather than
the necessity of filing an additional lawsuit concerning pending arbitration or
postarbitration matters. 
          We conclude the trial court abused its discretion by dismissing Brooks’s
lawsuit in its entirety. We sustain Brooks’s fourth issue.
Compelling Arbitration Portion of Trial Court’s Order 
          Brooks’s first through third and fifth issues challenge the trial court’s
decision to compel arbitration. Once again, we address our jurisdiction to
review these issues. See Fandey, 876 S.W.2d at 459. 
          Pep Boys relied on the FAA in moving the trial court to compel arbitration
and argued that the FAA governed the arbitration agreement. See 9 U.S.C. § 1-16 (2001). Brooks has not contested that the FAA controls the agreement. 
Federal law determines whether the FAA applies. Prudential Securities, Inc. v.
Marshall, 909 S.W.2d 896, 899 (Tex. 1995); Associated Air Freight, Inc., 67
S.W.3d at 254. It is undisputed that Pep Boys is a nationwide company. The
arbitration agreement recites that the company’s transactions and Brooks’s
employment involve interstate commerce and requires the arbitrator to apply
the substantive law of the state, Texas, and the Federal Rules of Evidence. We
hold the FAA governs. See 9 U.S.C. § 2 (2001) (applying to arbitration
provisions in transactions involving interstate commerce); Trico Marine Servs.,
Inc. v. Stewart & Stevenson Tech. Servs., Inc., 73 S.W.3d 545, 547 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (holding that FAA controlled
arbitration agreement that concerned both maritime and foreign and interstate
commerce). 
          Brooks has challenged this portion of the trial court’s order by appeal. As
noted above, within well-defined exceptions, we review by appeal only final
judgments that dispose of all parties and issues. See Lehmann, 39 S.W.2d at 195
& n.12. Because orders compelling arbitration do not dispose of all parties and
issues, but instead contemplate continuing resolution through the arbitration
process, orders compelling arbitration are interlocutory per se under the
Lehmann reasoning. See id. The interlocutory nature of an order compelling
arbitration is thus not changed by joining it with an order dismissing the case. 
See id. at 199-200. Once the dismissal is vacated, the portion of the trial court’s
order that compels arbitration is clearly interlocutory.
          The Civil Practice and Remedies Code permits interlocutory appeals of
certain orders. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp.
2002). The Texas General Arbitration Act (TAA) provisions of the Civil Practice
and Remedies Code also permit appeals of interlocutory orders, but only those
“entered under this chapter,” i.e, the TAA. See Tex. Civ. Prac. & Rem. Code
Ann. § 171.098(a)(1)-(5) (Vernon Supp. 2002). Moreover, none of these
provisions authorizes an appeal from an order that compels arbitration. See id.
          An order compelling arbitration under the FAA is neither a final
disposition, nor expressly authorized by any of the provisions of the Civil
Practice and Remedies Code that permit interlocutory appeals. Mandamus, and
not appeal, is the appropriate remedy. See In re American Homestar, Inc., 50
S.W.3d 480, 483 (Tex. 2001); Trico Marine Services, Inc., 73 S.W.3d at 547 & 548
n.3 (acknowledging dictum permitting appeal from order compelling arbitration
under FAA in Jack B. Anglin Co, 842 S.W.2d at 271-72) (additional citations
concerning same omitted); Associated Air Freight, Inc., 67 S.W.3d at 252;
Materials Evolution Dev., USA, Inc. v. Jablonowski, 949 S.W.2d 31, 33 (Tex.
App.—San Antonio 1997, no pet.). 
          Because Brooks’s sole remedy is by mandamus, we have no jurisdiction to
address his first through third and fifth issues on appeal and must dismiss his
appeal of those issues. See Trico Marine Services, Inc., 73 S.W.3d at 547. 
Accordingly, we dismiss Brooks’s appellate challenge to the trial court’s order
compelling arbitration. 
Conclusion
          We vacate the portion of the trial court’s order that dismissed Brooks’s
lawsuit in its entirety. We dismiss Brooks’s appeal to the extent he challenges
the portion of the trial court’s order that compelled arbitration.



     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.