IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0252 
════════════
 
Alton J. Meyer, Meyer 
Acquisition Corp., and Ford Motor Company, Petitioners,
 
v.
 
WMCO-GP, LLC and Bullock 
Motor Company, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Ninth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued March 23, 
2005
 
 
Justice O’Neill, 
dissenting.

Clearly, a 
nonsignatory can compel a party who has signed an arbitration agreement to 
arbitrate a dispute under appropriate circumstances. E.g., Grigson v. 
Creative Artists Agency, 210 F.3d 524, 528 (5th Cir. 2000); MS Dealer 
Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999). A party who has 
signed an agreement containing an arbitration clause may be compelled to 
arbitrate disputes with a nonsignatory when the signatory must rely on the terms 
of the agreement to prosecute claims against the nonsignatory. Grigson, 
210 F.3d at 527 (citing MS Dealers Serv. Corp., 177 F.3d at 947). A 
nonsignatory may also be entitled to compel arbitration when claims asserted by 
a signatory allege “substantially interdependent and concerted misconduct by 
both the nonsignatory and one or more of the signatories to the contract.” 
Id. (quoting MS Dealers Serv. Corp., 177 F.3d at 947). But even 
the exceptionally strong policy favoring arbitration cannot justify requiring 
litigants to forego a judicial remedy when they have not agreed to do so. 
E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 293-94 (2002). 
I agree with 
the court of appeals that neither prong of the Grigson test is satisfied 
in this case. While WMCO asserts that Ford and Meyer tortiously interfered with 
the purchase and sales agreement between WMCO and Bullock, its claims depend on 
the existence of the agreement, not its terms. In similar circumstances, the 
Fifth Circuit has declined to compel arbitration, noting that the mere fact that 
a dispute touches on an agreement containing an arbitration clause is an 
insufficient basis on which to compel arbitration. Hill v. G.E. Power Sys., 
Inc., 282 F.3d 343, 348-49 (5th Cir. 2002). Neither is the second prong 
fulfilled. WMCO does not allege any substantially interrelated misconduct 
between Bullock and Ford or Meyer. To the contrary, WMCO asserts that Bullock 
was compelled by Ford and Meyer to breach the purchase and sales agreement and 
would have fully performed absent their interference. 

Finally, I 
also agree with the court of appeals that the terms of the arbitration clause in 
the purchase and sales agreement between Bullock and WMCO express an intent to 
require arbitration of a relatively narrow scope of disputes – disputes “between 
the parties to [the] Agreement involving the construction or application of any 
of the terms, covenants, or conditions of [the] 
Agreement . . . .” 126 S.W.3d 313, 319. This language is 
considerably narrower than the standard, broad arbitration clause requiring 
arbitration of “‘[a]ny controversy or claim arising out of or relating to this 
contract, or the breach thereof . . . .’” Beckham v. William Bayley Co., 
655 F. Supp. 288, 291 (N.D. Tex. 1987) (quoting Hoellering, Arbitrability of 
Disputes, 41 Bus. Law. 125 
(Nov. 1985) (citing K. Seide, A Dictionary of Arbitration and Its Terms 
21 (1970)). The strong policy favoring arbitration “cannot serve to stretch a 
contractual clause beyond the scope intended by the parties.” Id. at 
291-92. 
            
Under these circumstances, the trial court did not abuse its discretion in 
refusing to compel arbitration. I respectfully dissent.
 
 
 
__________________________________________
Harriet 
O’Neill
Justice
 
OPINION DELIVERED: December 22, 
2006.