**TRACER RESEARCH CORP.,**
Plaintiff–Appellant,

v.

**NATIONAL ENVIRONMENTAL SERVICES COMPANY, doing business as Nesco; Lab One Analytical, Inc.; Eddy Paterson; Albert McCutchan,** Defendants–Appellees.

No. 94–16211.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 1994.

Decided Dec. 19, 1994.

See also 843 F.Supp. 568.

---

Patrick J. Flinn and Kenneth A. Kuwayti, Morrison & Foerster, Palo Alto, CA, David G. Rosenbaum, Jones, Skelton & Hochuli, Phoenix, AZ, for plaintiff-appellant.

Philip R. Higdon and Lane D. Oden, Brown & Bain, Tucson, AZ, for defendants-appellees.

Before CHOY, FARRIS and BRUNETTI, Circuit Judges.

FARRIS, Circuit Judge:

Tracer Research Corporation appeals the district court's order dissolving a preliminary injunction that had prevented National Environmental Service Company, Lab One Analytical, Eddy Paterson and Albert McCutchan from pursuing their business in tank and pipeline leak detection using chemical tracers. We have jurisdiction to review the district court's order dissolving the preliminary injunction under 28 U.S.C. § 1292(a)(1) and reverse.

## BACKGROUND

Tracer Research developed and uses a chemical tracer process that can detect leaks from storage tanks and pipelines into surrounding soil. Tracer markets this process through licensing agreements, like the one it entered into with NESCO in 1990. In addition, NESCO signed a confidentiality and nondisclosure agreement. In late 1992 the parties terminated their licensing agreement. According to Tracer, the defendants nonetheless continued to use trade secrets and confidential information obtained from Tracer under the terms of the parties' licensing agreement. The defendants contend that (1) after NESCO terminated the licensing agreement, they continued in business with an alternative leak detection method (known as Search), and (2) no aspect of Tracer's disclosed method was a protectable trade secret.

Tracer sued, seeking damages and injunctive relief for (1) trademark infringement, (2) false designation of origin, (3) misappropriation of trade secrets, (4) breach of contract, (5) unfair competition, (6) wrongful interference with prospective business relations, and (7) violation of Arizona's racketeering statute. Tracer then moved for a preliminary injunction, and the defendants, pursuant to a clause in the licensing agreement, moved to compel arbitration. The district court (1) granted the motion for a preliminary injunction, concluding that Tracer was likely to succeed on its Lanham Act and trade secrets claims, and (2) over Tracer's objection, referred the entire case to arbitration.

After conducting a hearing, the arbitrators permanently enjoined the defendants from using plaintiff's mark "Tracer Tight" and found that NESCO had breached its licensing agreement with Tracer by using information gained from Tracer in developing the Search leak detection process. The arbitrators dismissed all of Tracer's other claims, including the trade secrets claim.

The defendants then moved in the district court to dissolve the preliminary injunction. Relying solely on the findings of the arbitration panel, the district court dissolved the injunction. Tracer appeals.

## STANDARD OF REVIEW

■ We will reverse an order dissolving a preliminary injunction "only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *See Miller ex rel. NLRB v. California Pacific Medical Ctr.*, 19 F.3d 449, 455 (9th Cir.1994) (en banc). Issues of law underlying the district court's order are reviewed de novo. *Id.* The district court grounded its decision solely on the findings of the arbitration panel. Tracer challenges the referral to arbitration, a decision that we review de novo. *Leicht v. Bateman Eichler, Hill Richards, Inc.*, 848 F.2d 130, 131 (9th Cir.1988).

## DISCUSSION

### I. Jurisdiction to Review the Order Compelling Arbitration

■ An order compelling arbitration is interlocutory and not ordinarily appealable.

*See* 9 U.S.C. § 16(b). However, 28 U.S.C. § 1292(a) jurisdiction extends to all matters inextricably bound up with an injunction order. *Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 805 (9th Cir.1982); *see also Fentron Industries v. National Shopmen Pension Fund*, 674 F.2d 1300, 1304 (9th Cir.1982) (jurisdiction extends "to all the issues that underlie the order"). The district court relied solely on the arbitrators' findings in dissolving the injunction; the order referring the case to arbitration is therefore "inextricably bound up with the injunction" order. *See Burlington N. R.R. v. Department of Revenue*, 934 F.2d 1064, 1071 (9th Cir.1991).

### II. Propriety of Compelling Arbitration

#### A. Applicable Law

■ The parties acknowledge that the arbitration clause is part of a contract "evidencing a transaction involving commerce" under the Federal Arbitration Act. *See* 9 U.S.C. § 2. Although the contract provides that Arizona law will govern the contract's construction, the scope of the arbitration clause is governed by federal law. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1463 (9th Cir.1983).

#### B. Arbitrability of the Trade Secrets Claim

■ Notwithstanding the federal policy favoring it, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). We cannot expand the parties' agreement to arbitrate in order to achieve greater efficiency. The Federal Arbitration Act "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983) (emphasis in original).

■ The arbitration clause in the parties' terminated licensing agreement provides that "[i]n the event any controversy or claim arising out of this Agreement cannot be settled by the parties [ ], such controversy or claim shall be settled by arbitration."

Our decision in *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir.1983) narrowly circumscribes the interpretation to be given this clause. In *Mediterranean Enterprises* we found an arbitration clause that covered disputes "arising under" an agreement, but omitted reference to claims "relating to" an agreement, covered only those disputes "relating to the interpretation and performance of the contract itself." *Id.* at 1464. The "arising out of" language is of the same limited scope as the "arising under" language in *Mediterranean Enterprises. See id.* (quoting *In re Kinoshita & Co.*, 287 F.2d 951, 953 (2d Cir.1961)); *see also Texaco, Inc. v. American Trading Transp. Co.*, 644 F.2d 1152, 1154 (5th Cir. 1981) (noting "restrictive language" of "arising out of" arbitration clause); *Britton v. Co-op Banking Group*, 4 F.3d 742, 749 (9th Cir.1993) (Brunetti, J., dissenting) (discussing significance of narrow arising "under" or "out of" arbitration clauses).

The arbitration panel concluded that NES-CO voluntarily terminated the licensing agreement at approximately the same time that the defendants began marketing the Search method of leak detection. The defendants contend not that· this licensing agreement gave them the right to continue using Tracer's trade secrets, but rather that Tracer does not have any protectable trade secrets in the Tracer Tight process. Faced with a similar cause of action and arbitration clause, at least one district court has agreed with Tracer's contention that a misappropriation of trade secrets claim does not relate to interpretation or performance of the contract. *See Strick Corp. v. Cravens Homalloy (Sheffield) Ltd.*, 352 F.Supp. 844, 848 (E.D.Pa.1972). We agree.

The misappropriation of trade secrets count of Tracer's complaint is a tort claim. *See* Uniform Trade Secrets Act, Ariz.Rev. Stat.Ann. §§ 44–401 to –407. The fact that the tort claim would not have arisen "but for" the parties' licensing agreement is not determinative. *See Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568 (11th Cir.1984). If proven, defendants' continuing use of Tracer's trade secrets would constitute an independent wrong from any breach of the licensing and nondisclosure agreements. *See* Ariz.Rev.Stat.Ann. § 44–407 (statutory tort remedy does not affect contractual remedies, whether or not based on misappropriation of trade secrets). Therefore, it does not require interpretation of the contract and is not arbitrable under *Mediterranean Enterprises.* On remand, that claim should be tried in the district court.

The defendants rely primarily on cases interpreting arbitration clauses using "arising out of *or relating to* " language to argue that all claims touching matters covered by the parties' agreement are arbitrable. *See Genesco Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2d Cir.1987); *Rhone–Poulenc Specialities Chimiques v. SCM Corp.*, 769 F.2d 1569, 1571 (Fed.Cir.1985). The defendants' reliance on these cases is misplaced. The omission of the "relating to" language is "significant." *Mediterranean Enterprises*, 708 F.2d at 1464.

Defendants also rely on *McMahon v. RMS Electronics, Inc.*, 618 F.Supp. 189 (S.D.N.Y. 1985). *McMahon*, however, is consistent with Tracer's position. In *McMahon*, the court found that two of plaintiff's three defamation claims concerning his termination were arbitrable because they "necessarily turn[ed] on whether he was terminated with or without cause, *an issue which involve[d] an interpretation of the contractual relationship between the parties.*" 618 F.Supp. at 192 (emphasis added). In contrast, the plaintiff's third defamation claim, based on a statement that he was the company drunk, did not require reference to the underlying employment contract and was not arbitrable. *Id.*

## III. Propriety of Dissolving the Preliminary Injunction

The district court grounded its decision to dissolve the preliminary injunction on the findings of the arbitration panel. It did not independently revisit any of the require-

ments for injunctive relief. Because the district court's reliance on the arbitrators was misplaced, on remand, it should first consider whether there is any other basis for dissolving the injunction. *See United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489 (9th Cir.1994) (reversing and remanding to allow district court to consider in the first instance possible alternative ground to support summary judgment). If not, it should leave the injunction in place.

REVERSED and REMANDED.