77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Catherine LATIMORE; Percy James; Betty James; Dorothy
Kountz; Ralph McClain; New St. James Missionary Baptist
Church; Easter Hill United Methodist Church; Elisabeth
Baptist Church; Sojourner Truth Presbyterian Church; and
Unity Church, Plaintiffs-Appellants,
v.
COUNTY OF CONTRA COSTA; Contra Costa County Department of
Health Services; and State of California
Department of Health Services,
Defendants-Appellees.
 No. 95-15886.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Feb. 15, 1996.
 
 1
 Before: FERGUSON and HAWKINS, Circuit Judges, and NIELSEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs, a putative class of indigent minority individuals and churches in East and West Contra Costa County,[1] appeal the dissolution of a preliminary injunction barring the county, the Contra Costa Department of Health Services ("DHS"), and the California Department of Health Services ("CDHS") from further expenditure of funds for the reconstruction of Merrithew Memorial Hospital until "equal access to County hospital services is made available to the class of minority poor" in East and West Contra Costa County. The district court initially entered and later dissolved a preliminary injunction pending a trial on the merits of plaintiffs' lawsuit, which alleged that the county, DHS, and CDHS had violated Title VI of the Civil Rights Act of 1964 and its implementing regulations[2] by "failing to provide access to County hospital services equal to that provided predominantly-white Central County residents."[3] 42 U.S.C. § 2000d; 45 C.F.R. § 80.3(2)-(3). On appeal, plaintiffs contend the district court applied an erroneous legal standard in dissolving the injunction.
 
 
 4
 The dissolution of an injunction is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). Crawford v. Honig, 37 F.3d 485, 486 (9th Cir.1995).[4] For the reasons discussed below, we affirm the district court's order.
 
 DISCUSSION
 
 5
 We will reverse an order dissolving a preliminary injunction " 'only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact.' " Tracer Research v. Nat'l Envtl. Services Co., 42 F.3d 1292, 1294 (9th Cir.1994), cert. dismissed, 116 S.Ct. 37 (1995) (citations omitted). Issues of law underlying a decision on a preliminary injunction are reviewed de novo. Id. We will delve no further into the merits of the underlying controversy than is necessary to decide the specific issues being appealed. Gregorio T. v. Wilson, 59 F.3d 1002, 1004 (9th Cir.1995).
 
 
 6
 1. Dissolution of the Preliminary Injunction
 
 
 7
 A court may issue a preliminary injunction if the moving party demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury [if relief is not granted] or that serious questions are raised and the balance [of hardships] tips sharply in [the moving party's] favor." Johnson v. California State Bd. of Accountancy, No. 92-16433, 1995 WL 764263, at * 2 (9th Cir. Dec. 29, 1995) (citations omitted).
 
 
 8
 In entering the preliminary injunction, the district court concluded, first, that plaintiffs had "established the existence of 'serious questions indicating a fair chance of success on the merits' on their [Title VI] claims." Applying the Ninth Circuit's standard for stating a claim under Title VI implementing regulations,[5] the district court concluded, first, that the concentration of minority poor in East and West Contra Costa County, coupled with the alleged inadequacy of public transportation to Central County, constituted a prima facie case of discriminatory impact, and, second, that defendants' proffered justification for their plan to rehabilitate Merrithew (budgetary constraints and the need for a residency program at Merrithew) did not justify defendants' failure to improve access to hospital services in East and West County. The district court concluded that the "balance of hardships tip[ped] sharply in favor of the plaintiffs." The county's alleged failure to provide "equal access" to hospital services caused "delays in treatment, exacerbation of illnesses, and, ultimately, increased health care costs," hardships that outweighed defendants' projected financial losses.
 
 
 9
 Four months later, however, the district court dissolved the preliminary injunction because it concluded that substantial changed circumstances had altered the balance of hardships. Specifically, the district court found defendants had improved plaintiffs' access to county hospital services through several measures: (1) increasing the availability of hospital services in East and West County by contracting with hospitals and expanding clinic hours in those portions of the county; (2) quadrupling the number of shuttles to Merrithew from East and West County, from 10 to 42 per weekday; and (3) publicizing the increased access through an informational campaign. The district court concluded that "plaintiffs' purported access concerns ... in large part, have been accommodated." At the same time, the preliminary injunction had imposed considerable hardship on defendants: It had cost the county nearly nine thousand dollars a day, or more than $825,000 total, and had impaired its credit rating. Moreover, in blocking rehabilitation of Merrithew, the injunction was obstructing defendants' efforts to improve county hospital services.
 
 
 10
 A district court has "wide discretion" to dissolve, modify, or reconsider a preliminary injunction based on a change in factual or legal circumstances. System Federation No. 91 v. Wright, 364 U.S. 642, 647 (1961). In this case, the district court's finding of changed circumstances was well-supported by the record and was not clearly erroneous. We therefore hold that defendants' improvements in plaintiffs' access to hospital services sufficiently altered the balance of hardships to justify dissolution of the injunction.
 
 
 11
 2. Plaintiffs' Legal Challenge to the Dissolution
 
 
 12
 Plaintiffs claim the district court committed legal error in dissolving the preliminary injunction. Plaintiffs' arguments fail, however, because they mischaracterize the district court's analysis and misconstrue the nature and purpose of the preliminary injunction.
 
 
 13
 Plaintiffs' first argument is that the district court improperly dissolved the injunction because it interpreted Title VI and its implementing regulations to prohibit "only practices that 'effectively deny benefits' " but to "exclud[e] ... practices that result in discriminatory provision of benefits and services." Plaintiffs mischaracterize the district court's order. The district court nowhere ruled out the possibility that Title VI regulatory claims may be based on the discriminatory provision of benefits or services. Instead, in responding to plaintiffs' argument that defendants had not provided precisely the same services at East and West County hospital facilities as it provides at Merrithew, the district court merely noted that Title VI and its regulations "[do] not mandate absolute equality."[6]
 
 
 14
 Plaintiffs' next contention is that the district court, "[h]aving found a violation of Title VI and its regulations," was "obliged to provide a remedy that eradicates the discrimination and prevents its recurrence." Plaintiffs not only mischaracterize the district court's findings, but they misconstrue the purpose of a preliminary injunction, which is not to remedy an alleged violation but to preserve the status quo pending a determination of the action on the merits. Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 808-09 (9th Cir.), cert. denied, 375 U.S. 821 (1963). When it initially entered the preliminary injunction, the district court simply concluded that plaintiffs' allegations raised "serious questions" as to the existence of a prima facie case of discriminatory impact. A complete remedy would be appropriate only if and when plaintiffs prove their Title VI claims at trial. Id. In dissolving the preliminary injunction, the district court did not adjudicate plaintiffs' Title VI claims, but merely found that changed circumstances justified lifting the injunction. As discussed above, this finding was not clearly erroneous.
 
 
 15
 Finally, plaintiffs challenge the district court's refusal to consider the alleged instability of the county's future funding sources in deciding whether to dissolve the preliminary injunction. Because plaintiffs' prediction was merely speculative, it did not pertain to the district court's analysis of whether the original balance of hardships had shifted.
 
 CONCLUSION
 
 16
 The order of the district court dissolving the preliminary injunction is AFFIRMED.
 
 
 
 *
 Honorable Wm. Fremming Nielsen, Chief United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court denied plaintiffs' motion for class certification in its order of March 27, 1995
 
 
 [2]
 Plaintiffs brought claims under other federal statutes but these claims are not at issue on appeal
 
 
 [3]
 In particular, plaintiffs' suit challenged (1) the refurbishment of Merrithew Memorial Hospital in Central Contra Costa County, because they alleged the hospital was "largely inaccessible" to the minority poor, owing to alleged inadequacies in public transportation and to the concentration of minority poor in East and West County, and (2) the failure of the county's health plan to provide plaintiffs with the opportunity for prepaid hospital services equal to the opportunity provided residents of Central County
 
 
 [4]
 A few days before we heard oral argument in this appeal, defendants moved to dismiss the appeal as moot, following an October 13, 1995 ruling by the United States District Court for the Northern District of California (Chesney, J.) granting defendants partial summary judgment on any claims seeking to enjoin further expenditure of funds for Merrithew's refurbishment. Because plaintiffs' claims raise the broader issue of "equal access" to hospital services, we deny defendants' October 16, 1995 motion to dismiss the appeal
 
 
 [5]
 Larry P. by Lucille P. v. Riles, 793 F.2d 969, 982 (9th Cir.1986) (en banc) established the Ninth Circuit's test for determining whether a plaintiff has stated a viable claim under Title VI regulations: (1) the plaintiff has the initial burden of demonstrating that a policy has a "discriminatory impact," after which (2) the burden shifts to the defendant to show that its policy was necessary
 
 
 [6]
 Because this appeal does not require us to reach the merits of plaintiffs' case, we need not decide the proper legal standard under Title VI and its regulations. However, the cases cited by plaintiffs are not inconsistent with the district court's statement. See, for example, Jeldness v. Pearce, 30 F.3d 1220, 1229 (9th Cir.1994) (Title IX, an analogous statute, requires "equal opportunity to participate in programs of comparable quality"); Lau v. Nichols, 414 U.S. 563, 568 (1974) (Title VI regulations bar "den[ial of a] meaningful opportunity to participate" in government program)