Kenneth S. FAIRCHILD, individually and dba Fairchild Construction and Development Company, Plaintiff—Appellee,

v.

NATIONAL HOME INSURANCE COMPANY (A Risk Retention Group); Home Buyers Warranty Corporation, dba Home Buyers Warranty, Defendants—Appellants.

No. 99–16972.

D.C. No. 99–1921 MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided Aug. 28, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM *

Defendants National Home Insurance Company and Home Buyers Warranty Corporation appeal only from that portion of the district court's order denying their petition to compel arbitration of Plaintiff Kenneth S. Fairchild's claim under California Business and Professions Code section

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

17200 for unfair business practices. Defendants argue that the district court erred in finding that Plaintiff's claim did not require interpretation of the parties' contract and was not arbitrable.

The contract at issue here involves a transaction in interstate commerce and is subject to the Federal Arbitration Act. *Allied–Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273–75, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). We have jurisdiction under 9 U.S.C. section 16(a)(1)(B). *See Three Valleys Municipal Water District v. E.F. Hutton & Company, Inc.*, 925 F.2d 1136, 1138 (9th Cir.1991) (acknowledging jurisdiction over appeal from the portion of district court's order refusing to compel arbitration of plaintiffs' federal securities laws claims).

We review a denial of a motion to compel arbitration *de novo*. *United Food & Commercial Workers Union, Local 770 v. Geldin Meat Co.*, 13 F.3d 1365, 1368 (9th Cir.1994). Like any interpretation of a contractual provision, a determination regarding arbitrability is subject to *de novo* review. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir.1999).

As the parties are familiar with the facts, we discuss only those necessary to our determination.

Fairchild, doing business as Fairchild Construction ("Builder"), entered into a contract with Home Buyers Warranty Corporation, doing business as Home Buyers Warranty ("Service"), entitled "Builder Proposal and Agreement" ("BPA"). Once accepted into the Service's structural coverage program, Fairchild was able to enroll its homebuyer(s) in the program. The Service would provide insurance-backed Structural Warranty Coverage to the Builder, which would benefit the Builder's homebuyer(s). Defendant National Home Insurance Company was an express third party beneficiary to the terms and conditions of the agreement.

Two provisions of the Builder Proposal and Agreement address arbitrability. The BPA provides in the introductory "General Concept" section: "If any dispute arises between the Homebuyer(s),[1] Builder and the Service or Insurance Company as to satisfactory compliance with the warranty documents, construction standards or any resulting repairs, all such disputes shall be resolved through conciliation between the parties or arbitration ...." Section VII of the Structural Defect Limited Warranty Coverage section, moreover, requires conciliation or arbitration "[s]hould the Builder or Homebuyer(s) disagree with the Insurer's decision to deny the claim as recommended by the Service ...."

Although the district court quoted both provisions in the BPA, it appeared to rely only on the first one, finding that Plaintiff's unfair business practices claim did not require interpretation of the contractual relationship between defendants and plaintiff, and thus was not arbitrable, citing *Tracer Research Corp. v. National Environmental Services Company*, 42 F.3d 1292 (9th Cir.1994) (addressing "arising under" and "arising out of" language in arbitration provision).

In *Tracer*, we relied on our earlier decision in *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983), which "narrowly circumscribe[d] the interpretation to be given this clause." 42 F.3d at 1295. In *Mediterranean*, we found the clause requiring arbitration of "[a]ny disputes arising hereunder" to be narrower than one requiring arbitration of a dis-

---

1. The homebuyers are not parties to this action. Their lawsuit against plaintiff prompted the claim for defense and indemnification that plaintiff submitted to defendants, the denial of which gave rise to the instant action.

pute "arising out of or relating to this agreement." 708 F.2d at 1464. Noting the Supreme Court's view in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), that "arising out of or relating to this agreement" was a "broad arbitration clause[,]" we found the omission of those disputes "relating to" the agreement to be significant. Thus, the phrase "arising hereunder," without more, covers "a much narrower scope of disputes, *i.e.*, only those relating to the interpretation and performance of the contract itself." *Id.*

In *Tracer*, the claim for misappropriation of trade secrets, a tort, did not constitute a wrong independent of any breach of the licensing and nondisclosure agreements involved in that case. As a result, the claim did not require interpretation of the contract and was not arbitrable under *Mediterranean Enterprises*. 42 F.3d at 1295.

The district court here found the language "aris[ing] ... as to" to be as limiting as that in *Tracer*. Order at 12. The court stated that it could "only compel arbitration of allegations in plaintiff's complaint that necessitate interpretation of the contract." *Id.* Plaintiff had alleged in the unfair competition claim "that defendants routinely fail to provide builders with coverage under similar policies[,]" and did not require "interpretation of the contractual relationship between defendants and plaintiff. . . ." *Id.* at 12–13.

Since *Tracer*, we have held that the clause "arising in connection with," unlike *Tracer's* "arising under" or other clauses stating "arising out of," should and would be interpreted broadly. Once it was decided that the arbitration clause should be interpreted broadly, the factual allegations in the complaint "need only 'touch matters' covered by the contract containing the ar-

bitration clause and all doubts are to be resolved in favor of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d at 721 (quoting *Mitsubishi Motors v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 624 n. 13, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

We find that under the General Concept provision addressing conciliation and dispute resolution, Fairchild's claim for unfair competition must be ordered to arbitration. Although this provision in the BPA does not contain the broadest possible terms, that is, "arising out of or related to," "regarding," "concerning," or, as noted above, "in connection with," the language "arises ... as to" is not unduly narrow. By the same token, however, the relevant provisions contain limiting language, requiring that the dispute arise "as to satisfactory compliance with the warranty documents, construction standards or any resulting repairs[.]" In contrast, the arbitration clause in *Tracer* covered any controversy or claim arising out of "this Agreement." 42 F.3d at 1295. In *Simula*, the clause also covered all disputes arising in connection with "this Agreement." 175 F.3d at 720. In *Mediterranean Enterprises*, the arbitration listed any disputes arising hereunder "or following the formation of joint venture." 708 F.2d at 1461. The arbitration clause here thus ends up midway on the continuum, broader in one respect, limiting in the other.

Here, we conclude that Plaintiff has pleaded his unfair competition cause of action so as to require reference to, if not outright interpretation of, the terms of the BPA. Fairchild alleges that HBW and NHIC have violated Business and Professions Code section 17200 by failing to provide builders with "the coverage afforded

under the Policy and other similar policies issued to other builder insureds" despite the fact the claims "are clearly covered." Defendants are also alleged to have "rais[ed] policy language" to exclude coverage and that defendants' "interpretation of the Policy makes coverage illusory." Complaint, ¶ 33. Unlike the situation in *Tracer*, where the misappropriation of trade secrets count was not predicated on any breach of the licensing agreement between the parties, the gravamen of Fairchild's unfair competition claim is defendants' improper interpretation of the BPA and refusal to perform their obligations thereunder. More than merely "touching matters" covered by the BPA, the factual allegations in Fairchild's unfair competition cause of action are integrally related to defendants' "compliance with the warranty documents." We conclude that the unfair competition claim falls within the scope of the first arbitration provision.[2] We therefore reverse the district court's order denying Defendants' motion to compel arbitration of the third cause of action and remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED.

---

**2.** Our conclusion obviates the need to decide whether the claim falls within the scope of the provision in Section VII of the BPA.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.