**Vance R. CUNNINGHAM, Plaintiff,**

**and**

**Richard Garrett Turay, Plaintiff—
Appellant,**

**v.**

**David WESTON, Defendant,**

**and**

**John Taylor–Anderson, individually and
his marital community and in his official capacity at the Special Commitment Center at Monroe, WA; et al.,
Defendants—Appellees,**

**v.**

**Randy Pedersen; et al., Plaintiff–
Intervenors.**

Vance R. Cunningham; et al., Plaintiffs,

v.

David Weston, Defendant,

and

John Taylor–Anderson, individually and his marital community and in his official capacity at the Special Commitment Center at Monroe, WA; et al., Defendants—Appellees,

v.

Randy Pedersen; et al., Plaintiff–Intervenors,

and

Laura McCollum, Plaintiff-intervenor—Appellant.

Vance R. Cunningham; et al., Plaintiffs,

v.

David Weston, Defendant,

and

John Taylor–Anderson, individually and his marital community and in his official capacity at the Special Commitment Center at Monroe, WA; et al., Defendants—Appellees,

v.

Randy Pedersen, Plaintiff-intervenor,

and

Joel Scott Reimer; et al., Plaintiff–Intervenors—Appellants.

Nos. 04–35615, 04–35616, 04–35625.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2006.*

Filed May 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

**646**

J. Michael Keyes, Preston Gates Ellis, Spokane, WA, Erica L. Reilley, Esq., Jones Day, Los Angeles, CA, for Plaintiff–Appellant.

Richard Garrett Turay, Steilacoom, WA, pro se.

Timothy Norman Lang, Esq., Donna J. Hamilton, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, Lucy Isaki, Esq., AGWA—Office of the Washington Attorney General, Seattle, WA, for Defendants–Appellees.

Felix G. Luna, Heller Ehrman LLP, John Wentworth Phillips, Esq., Phillips Law Group PLLC, Seattle, WA, Joel Scott Reimer, SCC—Special Commitment Center, Steilacoom, WA, for Plaintiff–Intervenors.

Ronald L. Petersen, Steilacoom, WA, pro se.

Joel Scott Reimer, Steilacoom, WA, pro se.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

## MEMORANDUM **

Plaintiff-appellants ("Residents") are residents at the Washington Department of Social and Health Services Special Commitment Center ("SCC"). The SCC is a secure confinement and treatment facility for persons civilly committed as sexually violent predators. These consolidated appeals arise from injunction proceedings involving the constitutional adequacy of mental health treatment at the SCC. Resident Turay challenges the dissolution of the injunction. Also, Residents claim that the District Court erred in its order of June 2004 by canceling nearly ten million dollars in accrued contempt sanctions without considering whether to order the sanctions paid to the Residents as compensation for harm allegedly suffered while detained at the SCC. Lastly, plaintiff-intervenors ("intervenors") contend that the District Court improperly denied their motion for reconsideration of the June 2004 decision to cancel the contempt sanctions.

We affirm the District Court's dissolution of the injunction and denial of intervenors' motion for reconsideration of the order purging the contempt sanctions. We also affirm the District Court's order purging the accrued contempt sanctions.

## I.

We review the District Court's contempt order and dissolution of the injunction for an abuse of discretion. *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir.1997); *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir.1994).

Regarding the dissolution of the injunction, this Court has jurisdiction under 28 U.S.C. § 1292(a)(1). With respect to the contempt sanctions, this Court has jurisdiction under 28 U.S.C. § 1291 because the order canceling the contempt sanctions was a final, post-judgment determination of the parties' rights with regard to the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sanctions. *See United States v. Ray*, 375 F.3d 980, 986–87 (9th Cir.2004).

## II.

■ Intervenors contest the denial of their motion for reconsideration of the District Court's order dissolving the injunction and purging the contempt sanctions. The motion for reconsideration was denied as untimely. Western District of Washington Local Rule CR 7(h)(2) requires that a motion for reconsideration be filed within ten judicial days of the order to which it relates. The order at issue was entered on June 14, 2004, and the motion for reconsideration was filed on July 9, 2004. Because the motion for reconsideration was filed eighteen judicial days following entry of the order, it is untimely. Further, no exceptions to Local Rule CR 7(h)(2) apply because intervenors failed to argue or demonstrate a manifest error in the prior ruling or new facts that could not have been brought to the Court's attention earlier. Local Rule W.D. Wash. CR 7(h)(1). As a result, intervenors' claim fails.

## III.

Resident Turay contends that the District Court abused its discretion by lifting the injunction without allowing the Residents an additional evidentiary hearing following the evidentiary hearing that resulted in the dissolution of the injunction. Turay's claim fails because the evidentiary hearing resulting in the dissolution of the injunction was a sufficient opportunity for Residents to present their evidence. The District Court's dissolution of the injunction was based on reports and testimony from neutral third parties, including a court appointed special master and an ombudsman. The District Court did not abuse its discretion by relying on this evidence. Also, Turay offers no proof of additional evidence he would present at a supplemental hearing.

## IV.

■ Next, Residents and intervenors contend that the District Court erred when, in June of 2004, it decided to cancel nearly ten million dollars in accrued contempt sanctions without considering whether to order the sanctions paid to Residents as compensation for harm they claim to have suffered while detained at the SCC. When a court imposes fines and punishments on a contemnor, it is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms of the court's order. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). The contemnor is able to purge the contempt by committing an affirmative act. *Id.*

Residents' and intervenors' claim fails— they are not entitled to an evidentiary hearing to determine if the accrued contempt sanctions imposed against Defendants[1] should be paid to the Residents. The structure of the fines demonstrates they were not meant to be compensatory. Also, it is within the District Court's discretion to determine if Defendants adequately complied with the injunction, and to purge any accrued sanctions based on that compliance. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779–80 (9th Cir.1983) (finding the district court has discretion over the selection and imposition of sanctions); *Bagwell*, 512 U.S. at 827, 114 S.Ct. 2552 (noting coercive sanctions are avoidable, and may be

---

1. David Weston and John Taylor–Anderson, the named Defendants, are the superintendent and clinical director of the SCC in their official capacities as representatives of the State of Washington.

purged, through obedience with the original order).

## A. Per Diem Fines

First, the per diem nature of the fines emphasizes that the sanctions were implemented to coerce Defendants' compliance, and not to compensate Residents. "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order." *Bagwell*, 512 U.S. at 829, 114 S.Ct. 2552. Per diem fines, such as the contempt sanctions at issue here, exert a constant coercive pressure, and once the commands of the injunction are obeyed, daily fines may be purged. *Id.* In other words, accrued sanction totals are waived and need not be paid once the contemnor conforms with the order. Here, the District Court fined Defendants at fifty dollars per resident, per day. This indicates a distinctly coercive purpose because the per diem nature of the sanctions put forth a constant coercive pressure not only with time, but also as the number of residents increased. As a result, the per diem nature of the sanctions demonstrates the fines served a coercive purpose and, therefore, could be purged upon compliance. *Id.*

## B. Contempt Sanctions Were Not Compensatory

Second, where compensation is intended, a fine must be based upon evidence of a complainant's actual loss. *United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Such a fine is ordered "payable to the complainant." *Id.; see also Falstaff Brewing Corp.*, 702 F.2d at 779–80.

In the present matter, the sanction was not based on actual loss; instead the District Court imposed a flat per day fine. There is no indication that this per diem fine was based on evidence of any Resident's actual loss. Nor were the fines ever made payable to the Residents. Therefore, the fines were not intended to be compensatory.

Additionally, this Court in *Falstaff*, when assessing the nature of an imposed sanction, said that if the purpose of the fine was coercive, then the imposed sanctions should be refundable upon compliance. *Id.* at 779–80. This Court reasoned that if the district court intended the fine to be coercive, then the contempt order would make payment of the fine conditional upon a certain act. *Id.* at 780. The imposed sanctions could be refunded upon performance of that act. *Id.*

In the present matter, the contempt order states that the accrued total of the fines "will be cancelled, or ordered paid to the residents or into the registry of the court for their benefit, *depending* on whether the defendants have completed or substantially completed their compliance with the injunction." (emphasis added). This conditional language indicates the fine was intended to be coercive. Therefore, purging the sanctions upon compliance was appropriate.

## C. District Court's Discretion

Lastly, contrary to appellants' arguments, the District Court need not hold an evidentiary hearing before purging the accrued contempt sanctions against Defendants. *Cf. Falstaff*, 702 F.2d at 784 (holding that "imposition and selection of particular sanctions [either coercive *or* compensatory] are matters left to the sound discretion of the trial court"). Here, as noted above, it is clear that the imposed sanctions are intended to be coercive. Following numerous compliance hearings, the District Court determined that Defendants adequately complied with the injunction. Because canceling the sanctions was dependent upon Defendants' compliance, and Defendants sufficiently complied, the District Court used

its discretion to appropriately purge the sanctions because they no longer served their intended coercive purposes.

Moreover, it is unknown what purposes an evidentiary hearing would accomplish. The District Court already considered evidence put forth by the Residents when the Court issued the coercive contempt sanctions and lifted the injunction. The Residents do not put forth any additional evidence, nor do the Residents provide a persuasive argument indicating that the District Court abused its discretion when it found Defendants in substantial compliance with the injunction. Consequently, an evidentiary hearing would serve no purpose.

In sum, the sanctions were intended to be coercive in nature, and are therefore avoidable through substantial compliance with the court's orders. As a result, Residents' claims fail.

**AFFIRMED.**