**CONCRETE WASHOUT SYSTEMS, INC., Plaintiff—Appellee,**

v.

**NEATON COMPANIES, LLC, Defendant—Appellant.**

**No. 09–16236.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 13, 2009.

Chris Gibson, Esquire, Maralee MacDonald, Esquire, Boutin Gibson Di Giusto Hodell Inc., Sacramento, CA, Brian Robert

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**page 113**

Katz, Esquire, Law Offices of Brian R. Katz, El Dorado Hills, CA, for Plaintiff–Appellee.

Thomas Gerald Grace, Esquire, Santoro, Driggs, Walch, Kearney, Holley & Thompson, Las Vegas, NV, Nicholas P. Forestiere, Esquire, Steven H. Gurnee, Esquire, Gurnee & Daniels LLP, Roseville, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON and CLIFTON, Circuit Judges.

MEMORANDUM **

Defendant-appellant Neaton Companies, LLC, appeals the district court's denial of a motion to dissolve a preliminary injunction against it in an action filed by plaintiff-appellee Concrete Washout Systems, Inc. based on breach of contract. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We express no view on the merits of the complaint. Our sole inquiry is whether the district court abused its discretion in denying the motion to dissolve the preliminary injunction. *Sharp v. Weston,* 233 F.3d 1166, 1169–70 (9th Cir.2000); *Tracer Research Corp. v. National Envtl. Servs. Co.,* 42 F.3d 1292, 1294 (9th Cir.1994) (reviewing for abuse of discretion). We do not consider the propriety of the underlying order, but limit our review to the new material presented with respect to the motion to dissolve. *Sharp* at 1169–70. Here, appellant does not argue a change in the

law and has presented no new facts to warrant dissolution. We conclude the district court did not abuse its discretion. Accordingly, we affirm the district court's order denying the motion to dissolve the preliminary injunction.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

