**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENEE' L. MARTIN, | No. 16-16811 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00970-MCE-EFB |
| v. | |
| LITTON LOAN SERVICING, LP; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Renee' L. Martin appeals pro se the district court's decision to dissolve a preliminary injunction preventing the foreclosure of her residential property. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1994). We affirm.

The district court did not abuse its discretion in dissolving the preliminary injunction because all claims challenging defendants' interest in the subject property were dismissed. *See id*. (An order dissolving a preliminary injunction will be reversed "only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." (citation and internal quotation marks omitted)).

The district court did not err in executing the bond, following the dissolution of the preliminary injunction, because Martin did not rebut the presumption that defendants were entitled to have the bond executed in their favor. *See Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (setting forth standard of review and explaining that "there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." (citation and internal quotation marks omitted)).

We lack jurisdiction to consider Martin's challenge to the district court's dismissal of her quiet title claim. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011).

16-16811

Martin's request to reinstate the preliminary injunction and return the bond proceeds, set forth in her opening brief, is denied.

**AFFIRMED.**

16-16811