**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS ATENCIO, an adult individual
and GIAN CATERINE, an adult
individual, also known as John Cate,

Plaintiffs-Appellees,

v.

TUNECORE, INC.,

Defendant-Appellant.

No. 16-56625

D.C. No.
2:16-cv-01925-DMG-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and GLEASON,[**] District Judge.

TuneCore, Inc. appeals the district court's order partially denying its motion

to compel arbitration. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

The 2012 Agreement contains an arbitration clause that encompasses "[a]ny controversy arising out of or relating to this Option Agreement." We construe such a clause broadly. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). The district court granted TuneCore's motion with regard to Plaintiffs' claims under the 2012 Agreement and the 2009 Agreement, which contains an identical arbitration clause. The question is whether the language in the arbitration clause constituted an agreement by the parties to commit to arbitration disputes under the earlier pre-2009 Agreements.

Although the arbitration clause is materially broad and certain language in the 2012 Agreement could possibly be construed to extinguish earlier options, there is otherwise little indication the parties intended it to apply retrospectively. TuneCore expressly consented to resolve disputes over the pre-2009 Agreements in court. Had the parties intended for the arbitration clause to modify the prior agreements and revoke that consent they could have clearly stated so. The examples TuneCore provides of courts retroactively applying arbitration clauses illustrate this point. The sweeping clauses in those cases contrast sharply with the 2012 Agreement's clause, which is limited to those controversies "relating to *this* Option Agreement." *See, e.g.*, *Al-Thani v. Wells Fargo & Co.*, No. C 08-1745-CW, 2009 WL 55442, at *3 (N.D. Cal. Jan. 7, 2009) (covering disputes "arising

2

out of or relat[ing] to the brokerage account . . . or any other agreement between you and me" (alteration in original)); *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1224 (N.D. Cal. 2007) ("The arbitration provision is extremely broad, and covers not just services provided under the agreement, but also 'any other services provided by [defendant].'"); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 398 (S.D.N.Y. 2003) (encompassing "[a]ny claim, . . . arising from or relating in any way to this Agreement *or your Account . . .*" (emphasis added)).

The extrinsic evidence TuneCore sought to introduce in order to prove that the 2012 Agreement replaced, and therefore relates to, earlier option agreements appears precluded by the Agreement's integration clause. *See* Cal. Civ. Proc. Code § 1856(a). The presumption in favor of arbitration does not create an agreement to arbitrate where parties have not so consented. *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994). We thus conclude the district court did not err in severing the claims.

TuneCore contends the district court ruled on a matter reserved for arbitration by deciding the 2012 Agreement did not replace earlier options. We disagree. Absent "clear and unmistakable evidence" that the parties agreed to submit arbitrability to arbitration, courts will decide whether the parties agreed to

3

submit a certain dispute to arbitration. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013). As the clause is silent on arbitrability, the district court was authorized to decide "whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). This inquiry entailed a determination of whether the 2012 Agreement replaced or otherwise related to the pre-2009 agreements. While we do not read the district court's order to preclude TuneCore from making any argument on the merits, we do not have jurisdiction to entertain a merits ruling by the district court at this point, as we are limited to consideration of the motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B).

We are not persuaded by TuneCore's contention that the district court issued a *sua sponte* order and failed to provide the parties with an opportunity to respond. TuneCore had ample opportunity to argue for its preferred reading of the arbitration clause in its motion and at the hearing on the motion in response to the district court's tentative ruling. At the hearing, TuneCore's counsel made essentially the same arguments against severing the claims that were raised on appeal.

**AFFIRMED.**