**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OXY-HEALTH, LLC, a California Limited Liability Company, | No. 19-55986 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04066-MWF-SS |
| v. | |
| H2 ENTERPRISES, INC., DBA oxychambers.com, a California Corporation; CHING WEN YEH, DBA oxychambers.com, AKA Wen Yeh, an individual, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 9, 2020[**]
Pasadena, California

Before: BERZON and COLLINS, Circuit Judges, and KATZMANN,[***] Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Plaintiff Oxy-Health, LLC, brought trademark infringement and related claims against its former employee Ching Wen Yeh and his business, H2 Enterprises (collectively, "Wen"). Wen appeals the district court's order denying his motion to compel arbitration.

A district court's denial of a motion to compel arbitration is reviewed de novo. *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc). "Notwithstanding the federal policy favoring it, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994) (internal quotation marks omitted). "[W]e must look to the express terms of the agreements at issue to determine whether [the parties] intended that [the] claims be arbitrated." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (citation omitted).

1. The district court properly interpreted the scope of the arbitration agreement in Wen's employee handbook as limited to employment-related disputes. By its own terms, the agreement is limited to the employment relationship: Oxy-Health "promise[d] to arbitrate all *employment-related disputes*"; Wen agreed to arbitrate disputes "arising out of, relating to, or resulting from *[his] employment with the company*"; and the list of examples of claims covered includes statutes concerning employment issues. The district court properly held

2

that the provision stating that "this agreement to arbitrate also applies to any disputes that the company may have with you," read in context, is limited to employment-related disputes. This limitation is necessary to "give effect to every part" of the agreement, "each clause helping to interpret the other." *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009) (quoting Cal. Civ. Code § 1641).

2. The district court properly concluded that Oxy-Health's trademark-based claims are not covered by the arbitration agreement because they did not arise out of, relate to, or result from Wen's prior employment with Oxy-Health. Oxy-Health's trademark-based claims focus on Wen's use of the allegedly infringing mark "oxychambers.com" and can be resolved entirely without reference to Wen's former employment by Oxy-Health. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (an arbitration agreement with the language here "reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract"). Although the parties apparently dispute whether Wen's ownership of that mark is wrongful, that issue has no bearing on Oxy-Health's trademark-related claims as presently pleaded in the complaint. Because none of the complaint's allegations "touch matters" that are employment-related and thus covered by the arbitration

agreement, the district court properly denied the motion to compel arbitration. *See id.*; *Tracer*, 42 F.3d at 1295.

**AFFIRMED.**